**SO ORDERED.**

**SIGNED this 30 day of April, 2010.**

                                                 **Stephani W. Humrickhouse**
                                                 **United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ATLANTIC FACILITIES, L.L.C.** | **10-01347-8-SWH** |
|       **DEBTOR** | |

**ORDER REGARDING MOTION TO RECONSIDER ORDER**

The matter before the court is the motion to reconsider filed by the bankruptcy administrator. A hearing took place in Raleigh, North Carolina on April 27, 2010.

Atlantic Facilities, L.L.C. filed a petition for relief under chapter 11 of the Bankruptcy Code on February 22, 2010. On March 25, 2010, the debtor filed an application to employ Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. (collectively, "Stubbs & Perdue") as counsel for the debtor. No objections were filed, and the court entered an order approving the employment of Stubbs & Perdue on April 6, 2010. On April 12, 2010, the bankruptcy administrator filed the present motion to reconsider the court's order employing Stubbs & Perdue pursuant to Federal Rule of Bankruptcy Procedure 9024.

The bankruptcy administrator raises three primary points of contention regarding the employment of Stubbs & Perdue as chapter 11 debtor's counsel. First, Russell Maynard, the principal of the debtor, who is represented by the firm individually on "matters unrelated to the

debtor," is also the guarantor of all of the debtor's loans. The bankruptcy administrator contends that this creates a potential conflict because it will be in the best interests of the debtor to seek to cram down its real estate loans to reduce negative equity, while Mr. Maynard will want the debtor to pay all that it can on those claims, as he will be personally liable on any balance. Counsel for the debtor counters that the debtor's and Mr. Maynard's interests are aligned in this case because (a) the case involves only one owner and one guarantor, (b) all of the loans are guaranteed, leaving no unsecured debt, and (c) only one loan is a candidate for cramdown and, in that case, the value is not disputed.

Second, the debtor received pre-petition planning advice from Stubbs & Perdue, which included the recommendation of merging several of Mr. Maynard's entities into one, Atlantic Facilities, LLC. The bankruptcy administrator is concerned with the propriety of this merger, given that it occurred within 90 days of filing the petition. Counsel for the debtor maintains that the merger was effected for purposes of administrative convenience, involving only the properties that the debtor sought to keep in its efforts toward a successful reorganization.

Third, Stubbs & Perdue also represents Millwork Specialties, Inc. in its chapter 11 bankruptcy case, and Atlantic Facilities made several payments to Millwork for trade debts within 90 days of commencing the present case. The bankruptcy administrator contends that an actual conflict exists because Atlantic Facilities has a duty to investigate these transfers, and will need to seek avoidance of the transfers if preferential in nature. For this reason, the bankruptcy administrator maintains that the court should disapprove the employment of Stubbs & Perdue pursuant to § 327 of the Bankruptcy Code. According to counsel for the debtor, these payments were made in the ordinary course of business, and neither this nor any of the bankruptcy administrator's other contentions serve to defeat Stubbs & Perdue's disinterestedness under § 327.

Section 327(a) provides that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).[1]  Section 101(14) defines "disinterested person," in pertinent part, as one who "is not a creditor." 11 U.S.C. § 101(14)(A). Further, under § 327(c), "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c). The court must therefore determine whether Stubbs & Perdue has an interest adverse to the estate or an actual conflict based upon the bankruptcy administrator's contentions, such that the firm would be precluded from serving as debtor's counsel.

As to the guarantor issue, the court acknowledges that the representation of both a debtor and the guarantor of the debt does not create a per se conflict. Rather, a factual inquiry is necessary to examine the propriety of the arrangement. In the present case, the court finds that the dual representation of the debtor and guarantor does not create a conflict because there is no unsecured debt, only one claim is intended for cramdown and valuation will not be disputed, and all of the real estate debts are guaranteed. As a result, the guarantor is unlikely to favor one property over another, or otherwise act against the debtor's best interests, and the guarantor relationship does not provide cause to disturb the court's prior order allowing employment of Stubbs & Perdue.

The court further finds that the pre-petition merger of entities does not create an adverse interest at this point, but rather a potential savings to creditors and administrative efficiency through

---

[1] Although this section refers to the "trustee's duties," those duties also apply to debtors in possession. 11 U.S.C. § 1107(a).

the combined filing. Further, the creditors' cash collateral is currently held in separate accounts for each bank and each development. Although one of the creditors appeared at the hearing and reiterated concerns with the propriety of the transaction as previously raised at a cash collateral hearing, it appears that these concerns are still under investigation and have not yet given rise to a legal theory that would cast the merger in an improper light.

As to the representation of both the debtor and Millwork Specialties, however, the court finds that a classic conflict of interest is presented in light of the need to investigate the pre-petition payments of trade debts. The court agrees with the bankruptcy administrator that Stubbs & Perdue could not bring an action on behalf of Atlantic for avoidance of preferential transfers and simultaneously represent Millwork. Accordingly, Atlantic is directed to engage special counsel to investigate whether its pre-petition trade debt payments to Millwork constitute an avoidable preference. Should special counsel determine that a cause of action exists against Millwork, Stubbs & Perdue may not represent either Atlantic or Millwork with respect to that particular action; instead, special counsel must handle any such action. Subject to these conditions, Stubbs & Perdue may continue representing Atlantic Facilities as chapter 11 debtor's counsel.

Based on the foregoing, the motion to reconsider is **DENIED.**

**SO ORDERED**.

**END OF DOCUMENT**